UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. PETROU, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Case No. 1:06-CV-02159-GK |
| | : |
| CARROLLTON BANK, et al. | : |
| | : |
| Defendants | : |

MOTION OF DEFENDANT CARROLLTON
BANK TO DISMISS COUNTS VII AND VIII
AS TO DEFENDANT CARROLLTON BANK

Comes now Defendant, Carrollton Bank, by and through counsel, and respectfully requests that Counts VII and VIII of Plaintiffs' Complaint be dismissed, with prejudice as to Defendant Carrollton Bank and as grounds therefore states as follows:

1. Plaintiff's Complaint for Damages and Declaratory and Injunctive Relief filed herein on or about December 20, 2006 (hereinafter "Complaint").

2. Plaintiff alleges that, although he was the long-term president of Defendant Eisner Petrou & Associates, Inc., and had personally guaranteed a $350,000 line of credit to Carrollton Bank he had no obligation to oversee Eisner Petrou. Plaintiff also alleges that Defendant Carrollton Bank was obligated to oversee Eisner Petrou so as to protect Plaintiff from liability.

3. The Complaint does not include copies of any of the documents mentioned, including particularly any copies of the loan documents.

4. Plaintiff's allegations in his Complaint are not sufficient to state a cause of action for injunctive relief (Count VII) or declaratory relief (Count VIII).

5. Counts VII and VIII of Plaintiffs' Complaint should be dismissed against Defendant Carrollton Bank pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

6. Count VII of Plaintiff's Complaint for Preliminary and Permanent Injunctive Relief should be dismissed, with prejudice, against Defendant Carrollton Bank for failure to plead necessary elements of a cause of action for injunctive relief.

7. Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for violation of a District of Columbia lending statute should be dismissed, with prejudice, against Defendant Carrollton Bank because the District of Columbia statute does not apply to Defendant Carrollton Bank.

8. Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for violation of federal consumer protection statutes should be dismissed, with prejudice, against Defendant Carrollton Bank because TILA does not apply to the business transactions alleged in the Complaint.

9. Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for Violation of federal consumer protection statutes should be dismissed, with prejudice, against Defendant Carrollton Bank because RESPA does not apply to the business transactions alleged in the Complaint and because the RESPA statute of limitations has long since run.

WHEREFORE, Defendant Carrollton Bank respectfully requests that Counts VII and VIII of Plaintiff's Complaint be dismissed, with prejudice, against Defendant Carrollton Bank for failure to state a claim, and for such other and further relief as this

Court may deem just and proper.

                                                   Respectfully submitted,

                                                     /s/ Janet L. Eveland         .
                                                     Janet L. Eveland, Esquire
                                                     DC Bar #370611
                                                   Law Offices of Janet L. Eveland, Chartered
                                                   10320 Little Patuxent Parkway
                                                   Suite 311
                                                   Columbia, Maryland 21044
                                                   301-621-4722
                                                   Attorney for Defendant, Carrollton Bank

                                    CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank, Memorandum of Points and Authorities in Support thereof, and proposed Order, was served electronically pursuant to the Court's Electronic Mail Notice List and was mailed, postage pre-paid, this 30th day of January, 2007 to:

    Eisner Communications, Inc.
    509 South Exeter Street
    Baltimore, MD 21201

    Eisner Petrou & Associates, Inc.
    509 South Exeter Street
    Baltimore, MD 21201

    Mr. Steven C. Eisner
    207 Longwood Road
    Baltimore, MD 21210

    Ms. Sara Eisner
    207 Longwood Road
    Baltimore, MD 21210

                                                   /s/ Janet L. Eveland         .
                                                   Janet L. Eveland, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,                         :
                                         :
        Plaintiff                        :
                                         :
v.                                       :    Civil Case No. 1:06-CV-02159-GK
                                         :
CARROLLTON BANK, et al.                  :
                                         :
        Defendants                       :

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
MOTION OF DEFENDANT CARROLLTON
BANK TO DISMISS COUNTS VII AND VIII
AS TO DEFENDANT CARROLLTON BANK

Comes now Defendant, Carrollton Bank, by and through counsel, and respectfully requests that Counts VII and VIII of Plaintiffs' Complaint be dismissed, with prejudice as to Defendant Carrollton Bank and in support thereof states as follows:

I.  FACTS AS ALLEGED

Plaintiff's Complaint for Damages and Declaratory and Injunctive Relief filed herein on or about December 20, 2006 (hereinafter "Complaint") contains six counts against Defendant Carrollton Bank (hereinafter "Carrollton Bank"). Factually Plaintiff alleges that, while Plaintiff was president of Defendant Eisner Petrou & Associates, Inc. (hereinafter "Eisner Petrou"), Eisner Petrou obtained commercial loans from Carrollton Bank. Complaint, paragraphs 9 and 10. Eisner Petrou's commercial loan from Carrollton Bank in 2002 and 2003 was personally guaranteed by Plaintiff and by Defendant Steven Eisner (hereinafter "Mr. Eisner"). Complaint, paragraphs 15, 16 and 17. In connection with Plaintiff's personal guarantee of Eisner Petrou's commercial loan from Carrollton Bank, Plaintiff executed a deed of trust on Plaintiff's real property

4

located at 2810 R Street, N.W., Washington, D.C. (the "Property"). Complaint, paragraph 17. Plaintiff retired from Eisner Petrou some time in 2004 or 2005. Complaint, paragraphs 24 to 28.

Plaintiff's allegations are an unlikely combination of facts. Plaintiff alleges that he remained liable for $350,000 pursuant to his personal guarantee and secured by the deed of trust on the Property, he retained the title of president, he drew a salary, he was a major shareholder of Eisner Petrou and yet he failed to monitor any of the activities of Eisner Petrou, including the very cash flow and assets which he alleges would have relieved him of liability under his personal guarantee. Plaintiff alleges that Carrollton Bank should, however, have monitored the cash flow and assets of Eisner Petrou so as to protect Plaintiff. Complaint, paragraphs 114 and 116.

Plaintiff does not allege that he was at any time relieved from his personal guarantee. Plaintiff does not allege that at any time the deed of trust secured by the Property was released. Plaintiff does not allege that either Eisner Petrou or Plaintiff are not currently indebted to Carrollton Bank.

Notably, the Complaint does not include copies of any of the documents mentioned, including particularly any copies of the loan documents. Plaintiff's six counts against Carrollton Bank include causes of action titled accounting (Count I), conspiracy (Count IV), injunctive relief (Count VII), declaratory relief and damages (Count VIII), negligence and lender liability (Count IX) and constructive trust (Count X). Plaintiff's only allegations of wrongdoing by Carrollton Bank are that it failed to properly monitor and account for collateral and failed to comply with certain statutory mandates in connection with Plaintiff's personal guarantee of a business loan.

Plaintiff's allegations are not sufficient to state a cause of action for injunctive relief (Count VII) or declaratory relief (Count VIII).

### III.  ARGUMENT

A. Counts VII and VIII of Plaintiffs' Complaint Should be Dismissed Against Defendant Carrollton Bank Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.

Rule 12(b)(6), F.R.Civ.Pro. permits the filing of a motion to dismiss for failure to state a claim upon which relief can be granted.  Such a motion is proper where the proponent of a cause of action is not entitled to relief as a matter of law even if the allegations of the claim are taken as true.  Conley v. Gibson, 355 U.S. 41 (1957).  The complaint must be liberally construed in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Martin Marietta Corp. v. Int'l Telecommunications Satellite Org., 991 F.2d 94 (4th Cir. 1993).  However, generalized allegations which contain no factual support cannot give rise to a claim upon which relief may be granted.  Feazell v. Augusta County Jail, 401 F.Supp. 405 (W.D. Va. 1975).

B. Count VII of Plaintiff's Complaint for Preliminary and Permanent Injunctive Relief Should be Dismissed, With Prejudice, Against Defendant Carrollton Bank for Failure to Plead Necessary Elements of a Cause of Action for Injunctive Relief.

Count VII of the Complaint is titled Preliminary and Permanent Injunctive Relief Against Carrollton Bank.  Complaint, page 17.  Rule 65(a), F.R.Civ.Pro., governs the issuance of preliminary injunctions.  When an important federal policy is at issue, federal law rather than state law should apply in a diversity action.  Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136 (1965).  In light of the applicability of Rule 65(a), F.R.Civ.Pro., federal law rather than state law should apply in this diversity action.  See Federal Leasing, Inc. v. Underwriters at Lloyds, 487 F.Supp. 1248, 1261 (D.C.Md. 1980); Capital

Tool and Manuf. Co., Inc. v. Maschinenfabrik Herkules, 837 F.2d 171 (4th Cir. 1988); In re DeLorean Motor Co., 755 F.2d 1223 (6th Cir. 1985).

Four factors determine whether preliminary injunctive relief is proper under federal law.

> "Four factors are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. [citations omitted]"

In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985).

Plaintiff has not alleged that Plaintiff will be successful on the merits of his case. In light of the improbability of the success of his claims against Carrollton Bank, it is unlikely that Plaintiff would be able to allege a likelihood of success. Plaintiff has not alleged that a preliminary injunction will save Plaintiff from irreparable injury because Plaintiff has alleged only monetary harm. And "...monetary injuries alone, however substantial, are insufficient to justify preliminary injunctive relief. [citations omitted]." Perpetual Bldg. Ltd. Partnership v. District of Columbia, 618 F.Supp. 603, 616 (D.C.D.C. 1985). See also Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 259 F.2d 921, 925 (D.C. Cir. 1958) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.")

The absence of these two elements of a claim for preliminary injunctive relief would alone be sufficient to require the dismissal of Plaintiff's preliminary injunction claim. In addition, however, Plaintiff has made no allegation that a preliminary injunction would not harm others or that the public interest would be served by the entry of a preliminary injunction.

Neither has Plaintiff met the requirements to allege a cause of action for permanent injunction under federal law.

> "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. [citation omitted]"

eBay Inc. v. MercExchange, L.L.C., -- U.S. --, 126 S.Ct. 1837, 1840 (2006).

Plaintiff has alleged none of the required factors for a grant of permanent injunctive relief. Plaintiff has alleged only monetary damages which do not constitute irreparable harm. Plaintiff has not alleged that remedies available at law, such as monetary damages, are inadequate. Plaintiff has not alleged that the balance of hardships between Plaintiff and Carrollton Bank is in favor of Plaintiff. Plaintiff has not alleged that the public interest would be disserved if a permanent injunction is not entered.

Plaintiff has failed to allege a cause of action against Defendant Carrollton Bank for either preliminary or permanent injunctive relief because Plaintiff has failed to allege all of the necessary elements of such injunctive relief. Count VII of the Complaint should therefore be dismissed, with prejudice, as to Carrollton Bank.

C.  Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for Violation of Federal and District of Columbia Lending Statutes Should be Dismissed, With Prejudice, Against Defendant Carrollton Bank for Failure to State a Claim Upon Which Relief Can be Granted.

Count VIII on page 19 of the Complaint apparently seeks to allege a single cause of action against Defendant Carrollton Bank for Carrollton Bank's alleged violations of D.C. Code, §§26-1101, et seq., the Mortgage Lender and Broker Act, 15 U.S.C. §1601, et

8

seq. ( the Truth in Lending Act or TILA), and 12 U.S.C. §2601 et seq. (Real Estate Settlement Procedures Act or RESPA).  None of these statutes, however, apply to the transactions alleged in the Complaint.  Therefore Count VIII of the Complaint should be dismissed with prejudice.

> 1. Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for Violation of a District of Columbia Lending Statutes Should be Dismissed, With Prejudice, Against Defendant Carrollton Bank Because the District of Columbia Statute Does Not Apply to Defendant Carrollton Bank.

Plaintiff references two types of statutes as a basis for Count VIII of his Complaint, a District of Columbia licensing statute and federal consumer protection statutes.  The District of Columbia licensing statute which Plaintiff cites as one of the bases for his prayer that Carrollton Bank be prohibited from enforcing his personal guarantee and deed of trust is D.C. Code, §§26-1101, et seq., the Mortgage Lender and Broker Act.  Plaintiff alleges in paragraph 106 of the Complaint that "On information and belief, the Bank was not properly licensed with the District of Columbia as a mortgage lender at the time it executed this mortgage."

The District's Mortgage Lender and Broker Act prohibits entities from engaging in business as mortgage lenders or mortgage brokers unless first obtaining a District of Columbia license to do so. D.C. Code, §26-1103(a).  The Act, however, specifically exempts state banks from the license requirement:

> "The provisions of this chapter shall not apply to:  (1) any bank, trust company, savings bank, savings and loan association, or credit union incorporated or chartered under the laws of the United States, any state or territory of the United States, or the District, and any other financial institution....."

9

D.C. Code, §26-1102.  Plaintiff alleges in paragraph 8 of the Complaint that "Defendant Carrolton [sic] Bank is a state chartered bank...subject to regulation and oversight by the FDIC and the State of Maryland, Division of Financial Regulation."

Carrollton Bank is a state bank.  The District of Columbia's Mortgage Lender and Broker Act does not apply to state banks.  Carrollton Bank is therefore not required to be licensed under the Act.  Any failure of Carrollton Bank to obtain a District of Columbia license can have no impact on the validity of either Plaintiff's personal guarantee or deed of trust and can not form a basis for relief.

> 2. Count VIII of Plaintiff's Complaint for Declaratory Judgment and Damages for Violation of Federal Consumer Protection Statutes Should be Dismissed, With Prejudice, Against Defendant Carrollton Bank Because the Federal Statutes Do Not Apply to the Business Transactions Alleged.

Plaintiff also alleges that in obtaining the personal guarantee and deed of trust Carrollton Bank violated two federal consumer protection statutes:  15 U.S.C. §1601, et seq.[1] (Truth in Lending Act or TILA), and 12 U.S.C. §2601[2] et seq. (Real Estate Settlement Procedures Act or RESPA).

Plaintiff does not specify which actions he is alleging violate which federal statutes.  A complaint which does not specify which provisions of multifaceted federal statutes such as TILA and RESPA have been violated fails to state a claim.  Booker v.

---

[1] In paragraph 109 of the Complaint Plaintiff also cites "the Homeowners Equity and Protection Act, 15 U.S.C. §1602(a)(a) et seq."  The Home Ownership and Equity Protection Act of 1994 is the correct name for this law and there are no currently effective sections of the law.  Therefore it is not dealt with in this argument.

[2] Paragraph 109 of the Complaint actually refers to "12 U.S.C. §7601" but because no such section exists Defendant Carrollton Bank believes that Plaintiff intends to refer to 12 U.S.C. §2601, et seq. and so refers to these sections in its argument.

10

Washington Mut. Bank, FA, 375 F.Supp.2d 439, 441 (N.D.N.C. 2005). Plaintiff's Count VIII therefore fails to state a cause of action under any of the federal statutes referenced.

Even if Plaintiff's specific allegations could be teased from the Complaint, Plaintiff's Count VIII would have to fail because neither of these federal statutes apply to the business transactions alleged in the Complaint. Plaintiff alleges that he was President, Chief Operating Officer, and a Director of Eisner Petrou and that for 18 years he managed its day-to-day affairs. Complaint, paragraphs 3, 4, and 9. Plaintiff alleges that "During Petrou's tenure, EPA [Eisner Petrou] entered into a number of loan agreements with Carrollton Bank." Complaint, paragraph 10. Plaintiff is therefore clearly a sophisticated, experienced businessman familiar with lending transactions with banks, including specifically Carrollton Bank.

Plaintiff alleges that the extension of business credit by Carrollton Bank to Eisner Petrou for its business purposes was conditioned on Carrollton Bank receiving personal guarantees from Plaintiff and from Mr. Eisner as well as a deed of trust on Plaintiff's Property on or about October 31, 2002. Complaint, paragraphs 15, 16 and 17. Plaintiff alleges that his guarantee and deed of trust were for business purposes and were executed on or about October 31, 2002.

      a.    TILA Does Not Provide a Basis for Count VIII of Plaintiff's Complaint Because it Does Not Apply to the Business Transactions Alleged in the Complaint.

TILA[3] does not apply to a business transaction. TILA was enacted to attempt to provide protection to consumers "against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. §1601(a). Plaintiff does not allege any involvement of credit

---

[3] Sections 1601 to 1667f of Title 15 of the U.S. Code.

cards or any consumer transaction at all. Plaintiff alleges only that he is a sophisticated businessman fully familiar with commercial loan transactions including personal guarantees and deeds of trust associated with them.

TILA does not apply to "[C]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations." 15 U.S.C. §1603(1). See also, for example, Poe v. First National Bank, 597 F.2d 895 (5th Cir. 1979) (where purpose was to finance corporate business this subchapter not applicable notwithstanding that individuals joined in notes and gave personal guarantee); Bokros v. Associates Finance, Inc., 607 F.Supp. 869 (N.D.Ill. 1984) (business loan exempt from chapter where part used to retire mortgage on residence and part used to make down payment on business property); Morse v. Mutual Federal Sav. & Loan Ass'n, 536 F.Supp. 1271 (D.C.Mass. 1982) (loan was exempt where purpose was to pay for business supplies, even though one person who signed note was not involved in running business).

    b. RESPA Does Not Provide a Basis for Count VIII of Plaintiff's Complaint Because RESPA Does Not Apply to the Business Transactions Alleged in the Complaint and Because the RESPA Statute of Limitations Has Long Since Run.

RESPA, at 12 U.S.C. §2606(a) states: "This chapter does not apply to credit transactions involving extensions of credit (1) primarily for business, commercial, or agricultural purposes..."[4] Plaintiff has alleged that the loan at issue, even though personally guaranteed by Plaintiff and secured by a deed of trust on the Property was a

---

[4] RESPA also requires that regulations regarding the exemptions of RESPA for business and commercial credit transactions must be the same as the exemptions for such credit transactions under TILA. 12 U.S.C. §2606(b).

loan for business and commercial purposes. See Complaint, paragraphs 15 and 17. Therefore RESPA does not apply to the transactions alleged in the Complaint.

Further any claim under RESPA that Plaintiff may be seeking to make in his Complaint is barred by the RESPA statute of limitations. RESPA establishes time limitations for bringing actions under RESPA:

> "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought .... within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation..."

12 U.S.C. § 2614.

The time limitation provided by Section 2614 is jurisdictional and is not subject to equitable tolling. Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1039, 254 U.S.App. D.C. 370, 372 (1986). Where a time limitation is jurisdictional, it must be strictly construed and will not be tolled or extended even on account of fraud. Hardin, supra, 797 F.2d at 1040, 1041, 254 U.S. App D.C. at 373, 374, citing: United States ex rel. Nitkey v. Dawes, 151 F.2d 639, 642-44 (7th Cir. 1945), cert. denied, 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015 (1946).

According to the allegations of the Complaint (which must be deemed to be true for purposes of this motion to dismiss) the loan in question occurred on or about October 31, 2002. Complaint, paragraphs 16 and 17. The Complaint was filed on December 20, 2006, which was more than one year after the October 31, 2002 settlement date. Plaintiff's Complaint to recover for alleged violations of RESPA is thus barred by the statute of limitations of 12 U.S.C. § 2614, which specifically require that any such action

be brought within in one year.  Therefore Plaintiff's Count VIII should be dismissed, with prejudice.

    WHEREFORE, Defendant Carrollton Bank respectfully requests that Counts VII and VIII of Plaintiff's Complaint be dismissed, with prejudice, against Defendant Carrollton Bank and for such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

     /s/  Janet L. Eveland          .
Janet L. Eveland, Esquire
DC Bar #370611
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway
Suite 311
Columbia, Maryland  21044
301-621-4722
Attorney for Defendant, Carrollton Bank

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 1:06-CV-02159-GK |
| | : | |
| CARROLLTON BANK, et al. | : | |
| | : | |
| Defendants | : | |

ORDER GRANTING
MOTION OF DEFENDANT CARROLLTON
BANK TO DISMISS COUNTS VII AND VIII
AS TO DEFENDANT CARROLLTON BANK

The Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank having come before this Court, [no] opposition thereto having been filed, [the parties having been heard], it is therefore,

ORDERED, that the Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank be, and hereby is, GRANTED, and it is,

FURTHER ORDERED, that Plaintiff's Count VII herein be and hereby is, dismissed, with prejudice, as to Defendant Carrollton Bank, and it is,

FURTHER ORDERED, that Plaintiff's Count VIII herein be and hereby is, dismissed, with prejudice, as to Defendant Carrollton Bank.

_____, 2007         _____
                                           JUDGE

cc:   Janet L. Eveland, Esq.
      Law Offices of Janet L. Eveland, Chartered
      10320 Little Patuxent Pkwy., Ste. 311
      Columbia, Maryland  21044

Paul G. Gaston, Esq.
Law Offices of Paul G. Gaston
1120 19th Street, N.W.
Suite 750
Washington, D.C.  20036

Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD  21201

Eisner Petrou & Associates, Inc.
509 South Exeter Street
Baltimore, MD  21201

Mr. Steven C. Eisner
207 Longwood  Road
Baltimore, MD  21210

Ms. Sara Eisner
207 Longwood  Road
Baltimore, MD  21210