IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID M. PETROU,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 06-2159 (GK) |
| | ) |
| | ) |
| **CARROLLTON BANK, et al**. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF PETROU'S OPPOSITION TO CARROLLTON BANK'S MOTION
TO DISMISS COUNTS VII AND VIII OF PLAINTIFF'S COMPLAINT**

Plaintiff brought this action to protect his rights and to prevent Defendant Carrollton Bank from proceeding to foreclose on his residence in the District of Columbia. Carrollton Bank has moved to dismiss Counts VII and VIII of plaintiff's Complaint, which state causes of action against Carrollton Bank. Count VII states a claim for preliminary and permanent injunctive relief seeking to prevent the foreclosure. Count VIII states a claim for a declaratory judgment and damages against Carrollton Bank for violation of certain federal and District of Columbia statutes relating to mortgage origination and documentation, and for lapse of the term of the original loan.

Petrou is a homeowner in the District of Columbia who formerly served as the President and Chief Operating Officer of Eisner Petrou & Associates ("EPA"), a Baltimore, Maryland public relations firm that formerly maintained an office in the District of Columbia. As of August 31, 2004, Petrou retired from any further active involvement with the operations and affairs of EPA. Complaint at ¶ 25. Since that time over two and a half years ago, Petrou has had no role in the affairs of EPA, and has in fact been precluded from monitoring the financial affairs of the company, despite his requests for information. Complaint at ¶¶ 25, 27-28, 34.

Petrou brought this action because he was faced with imminent foreclosure on his personal residence by Carrollton Bank, and plaintiff has good reason to believe that the Bank either has already satisfied or has available to it the means to satisfy the EPA obligations guaranteed by Petrou. Plaintiff executed a personal guarantee on a loan from Carrollton Bank to EPA on October 23, 2002. Carrollton Bank asked for, and subsequently was given, a Deed of Trust on plaintiff's personal residence to secure that personal guarantee. The Deed of Trust expressly stated that it was intended to secure Petrou's personal guarantee, and <u>not</u> the original loan:

> THIS DEED OF TRUST...IS GIVEN TO SECURE ... PERFORMANCE OF A GUARANTY FROM THE GRANTOR TO LENDER, AND DOES NOT DIRECTLY SECURE THE OBLIGATIONS DUE LENDER UNDER THE NOTE....

Deed of Trust, page 1, attached as Exhibit E to Carrollton Bank's Answer filed January 30, 2007.

Eisner Communications ("EC"), a Baltimore-based advertising agency, was and is the parent company of EPA, and Steve Eisner is the *de facto* 100 percent owner and controller of both companies. When Eisner Communications suddenly and unexpectedly ceased operations on or about November 10, 2006, Carrollton Bank, as the primary secured creditor of both EC and EPA, swooped in and seized all assets of EC and EPA. Plaintiff has good reason to believe that substantial and valuable assets of EPA had improperly been diverted to EC in the weeks or months before both companies ceased operations. At the least, plaintiff seeks a proper accounting of those assets prior to any foreclosure by Carrollton Bank on his personal residence.

Carrollton Bank argues that plaintiff's cause of action for injunctive relief should be dismissed because he has not alleged sufficient "irreparable harm;" and because of certain minor pleading defects related to other requirements for injunctive relief, such as the requirement of

alleging a probability of success on the merits, the requirement to show lack of harm to others if the relief is granted, and the requirement that the public interest would be served.  However, it is well established that foreclosure is properly alleged to constitute sufficient irreparable harm to warrant injunctive relief. See, e.g., *Perpetual Bldg. Ltd. Partnership v. District of Columbia*, 618 F. Supp. 603, 616 (D.D.C. 1985)("irreparable harm" requirement for preliminary injunction satisfied by threat of foreclosure on building which was principal asset of plaintiff).  Plaintiff's Complaint properly alleges that precise harm, and not merely money damages, as Carrollton Bank disingenuously argues.  Complaint at ¶ 92 ("Plaintiff would be irreparably harmed if the bank initiated foreclosure proceedings.")

Moreover, although the complaint fails to expressly allege in so many words the other elements for injunctive relief, there are sufficient allegations of fact properly made to support the existence of those elements.  Out of an abundance of caution, plaintiff nonetheless requests leave to amend its Complaint to clarify these points.  A proposed Amended Complaint and a Motion for Leave to File are also being filed by plaintiff today.

Carrollton Bank also argues that the federal statutes cited in the Complaint, such as the Truth In Lending Act, are inapplicable to the mortgage transaction at issue because the original loan giving rise to Petrou's personal guarantee was for commercial purposes, and that the District of Columbia Mortgage Lenders' Act also relied upon is inapplicable to it as a state-chartered bank.  Plaintiff disagrees, and therefore repeats those allegations in the proposed Amended Complaint.  Plaintiff disagrees because the Deed of Trust at issue expressly specified that it was intended to secure Petrou's personal guarantee, not the original underlying extension of credit.  A personal guarantee is a personal obligation of the creditor, and a mortgage on his personal

residence securing that personal obligation is subject to federal and District of Columbia law protecting such personal and non-commercial transactions. Assuming that Carrollton Bank renews its motion to dismiss the proposed Amended Complaint on the same grounds, Petrou will deal with those arguments at that time. As for the District of Columbia Mortgage Lenders' Act, plaintiff interprets it to exempt only state-chartered banking institutions that <u>also</u> have at least a branch office within the District of Columbia, and Carrollton Bank does not.

In any event, plaintiff is filing today a Motion for Leave to File an Amended Complaint, which makes moot the arguments Carrollton Bank has made to dismiss plaintiff's seventh and eighth causes of action.

<u>CONCLUSION</u>

For the reasons stated above, plaintiff requests the Court to grant his motion for leave to file an amended complaint, and to deny Carrollton Bank's Motion To Dismiss Counts VII and VIII of plaintiff's original Complaint as either unsupported or as moot.

Respectfully submitted,

/s/_____
Paul G. Gaston, DC Bar # 290833
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
(202) 296-5856
Fax: (202) 296-4154
*Attorney for Plaintiffs*

February 12, 2007

CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of February, 2007, the foregoing Opposition was served by first-class mail, postage prepaid, on the following:

Eisner Petrou & Associates
509 South Exeter Street
Baltimore, MD 21202

and

Andrew M. Dansicker, Esq.
Schulman, Treem, Kaminkow,
Gilden & Ravenell, P.A.
Suite 1800, The World Trade Center
401 East Pratt Street
Baltimore, MD 21202
(counsel for Steven and Sara Eisner and Eisner Communications)

   __/s/_____
   Paul G. Gaston

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID M. PETROU,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CA No. 06-2159 (GK)** |
| | ) |
| | ) |
| **CARROLLTON BANK, et al**. | ) |
| | ) |
| Defendants. | ) |

ORDER

Having received and reviewed Defendant Carrollton Bank's Motion To Dismiss Counts VII and VIII of plaintiff's Complaint, and plaintiff's Opposition thereto, and it appearing that Plaintiff's motion is not well-founded, and has in any event been made moot by plaintiff's Amended Complaint, it is hereby

ORDERED,

that Plaintiff's Motion To Dismiss is  DENIED.


SO ORDERED this __ day of _____, 2007.


_____
United  States District Court Judge