UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | 1:06-CV-02159-GK |
| | : | |
| CARROLLTON BANK, | : | |
| | : | |
| Defendant/Counter-Plaintiff/ Cross-Plaintiff | : | |
| | : | |
| and | : | |
| | : | |
| EISNER COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| EISNER PETROU & ASSOCIATES, INC., | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| STEVEN C. EISNER, | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| SARA EISNER | : | |
| | : | |
| Defendant. | : | |

REPLY TO PLAINTIFF PETROU'S OPPOSITION TO
MOTION OF DEFENDANT CARROLLTON
BANK TO DISMISS COUNTS VII AND VIII
<u>AS TO DEFENDANT CARROLLTON BANK</u>

Comes now Defendant/Counter-Plaintiff/Cross-Plaintiff, Carrollton Bank, by and

through counsel, and respectfully replies to Plaintiff Petrou's Opposition to Motion of

Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank (the "Opposition") as follows:

1.  Plaintiff Petrou attempts to incorporate Defendant/Counter-Plaintiff Carrollton Bank's counter-claim into his own Complaint. Opposition, p. 2. But Plaintiff's Complaint must stand on its own. Plaintiff cannot attempt to incorporate Carrollton's counter-claims as a crutch to support his own flawed pleadings.

2.  Plaintiff Petrou argues on page 2 of his Opposition that failing to allege all of the elements of a cause of action are only "minor pleading defects". Plaintiff Petrou admits on page 3 of his Opposition that his complaint "fails to expressly allege in so many words the other elements of injunctive relief..." Generalized allegations without factual allegations are insufficient as a matter of law and should be dismissed. Simpson v. Welch, 900 F.2d 33, 35 -36 (4th Cir., 1990) (conclusory allegations do not state a claim upon which relief can be granted); Settles v. Pinkerton, Inc., 482 F.Supp. 461, 468 (D.C.S.C., 1979) (vague and conclusory complaint cannot withstand motion to dismiss without sufficient factual details so as to state a claim). Plaintiff's Count VII must therefore be dismissed for failure to state a claim.

3.  Plaintiff Petrou cites Perpetual Bldg. Ltd. Partnership v. District of Columbia, 618 F.Supp. 603, 616 (D.C.D.C., 1985) for the proposition that foreclosure on a debtor's personal residence constitutes per se irreparable harm. The Perpetual case does not concern a personal residence at all. Moreover, if the foreclosure on a residence constituted per se irreparable harm then no lender would ever foreclose because every delinquent homeowner would obtain an injunction so as to prevent the foreclosure. This is clearly not the law.

4. Plaintiff Petrou only makes two arguments that Count VIII based on statutory claims should not be dismissed. In his first argument on page 3 of his Opposition Plaintiff Petrou yet again impermissibly attempts to use Carrollton Bank's counter-claim in support of his own complaint. In his second argument, in a single conclusory sentence on page 4 of his Opposition, Plaintiff argues that his "interpretation" (rather than the text) of the statute should determine statutory meaning. Plaintiff provides no statutory citation or other authority in support of his "interpretation" of the District of Columbia Mortgage Lender's Act. Defendant/Counter-Plaintiff Carrollton Bank has not been able to locate any such statutory language or other authority supporting Plaintiff's interpretation. The District of Columbia Mortgage Lender's Act is clear on its face and does not support Plaintiff Petrou's interpretation. Plaintiff's Count VIII must therefore be dismissed for failure to state a claim.

WHEREFORE, Defendant/Counter-Plaintiff/Cross-Plaintiff Carrollton Bank respectfully requests that Counts VII and VIII of Plaintiff's Complaint be dismissed, with prejudice, against Defendant Carrollton Bank and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Janet L. Eveland                     .
Janet L. Eveland, Esquire
DC Bar #370611
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway, Suite 311
Columbia, Maryland  21044
301-621-4722
Attorney for Defendant/Counter-Plaintiff/Cross-Plaintiff, Carrollton Bank

CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Reply to Plaintiff Petrou's Opposition to Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank was served electronically pursuant to the Court's Electronic Mail Notice List and was mailed, postage pre-paid, this <u>15th</u> day of February, 2007 to:

Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21201

Eisner Petrou & Associates, Inc.
509 South Exeter Street
Baltimore, MD 21201

Mr. Steven C. Eisner
207 Longwood Road
Baltimore, MD 21210

Ms. Sara Eisner
207 Longwood Road
Baltimore, MD 21210

<u>/s/ Janet L. Eveland</u>       .
Janet L. Eveland, Esq.