UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | 1:06-CV-02159-GK |
| | : | |
| CARROLLTON BANK, | : | |
| | : | |
| Defendant/Counter-Plaintiff/ Cross-Plaintiff | : | |
| | : | |
| and | : | |
| | : | |
| EISNER COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| EISNER PETROU & ASSOCIATES, INC., | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| STEVEN C. EISNER, | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| SARA EISNER | : | |
| | : | |
| Defendant. | : | |

DEFENDANT/COUNTER-PLAINTIFF/CROSS-
PLAINTIFF CARROLLTON BANK'S
OPPOSITION TO PLAINTIFF PETROU'S
MOTION FOR LEAVE TO FILE
<u>AMENDED COMPLAINT</u>

Comes now Defendant/Counter-Plaintiff/Cross-Plaintiff, Carrollton Bank, by and through counsel, and respectfully opposes Plaintiff Petrou's Motion for Leave to File Amended Complaint ("Motion to Amend") and as grounds therefore states as follows:

1. Federal Rule of Civil Procedure 15(a) states that leave to amend should be freely given. If, however, the amendment would be futile then leave to amend should be denied.

2. Plaintiff admits that "[T]he proposed amendments are minor, and relate principally to plaintiff's seventh and eighth causes of action..." The amendments are in fact so minor that they make no difference to the survivability of Plaintiff's complaint.

3. The only changes in the amended complaint regarding Count VII (for injunctive relief) are the addition of general conclusory allegations insufficient as a matter of law so as to require dismissal for failure to state a claim.

4. Plaintiff makes no material changes in the amended complaint regarding Count VIII (declaratory relief and statutory violations) so as to save it from dismissal for failure to state a claim.

5. The amendments in Plaintiff's amended complaint would be futile and leave to amend should therefore be denied.

WHEREFORE, Defendant/Counter-Plaintiff/Cross-Plaintiff Carrollton Bank respectfully requests that Plaintiff's Motion for Leave to File Amended Complaint be denied, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Janet L. Eveland           .
Janet L. Eveland, Esquire
DC Bar #370611
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway, Suite 311
Columbia, Maryland 21044
301-621-4722
Attorney for Defendant/Counter-Plaintiff/Cross-Plaintiff, Carrollton Bank

CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Defendant Carrollton Bank's Opposition to Plaintiff Petrou's Motion for Leave to File Amended Complaint, and proposed Order was served electronically pursuant to the Court's Electronic Mail Notice List and was mailed, postage pre-paid, this 15th day of February, 2007 to:

Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21201

Eisner Petrou & Associates, Inc.
509 South Exeter Street
Baltimore, MD 21201

Mr. Steven C. Eisner
207 Longwood Road
Baltimore, MD 21210

Ms. Sara Eisner
207 Longwood Road
Baltimore, MD 21210

/s/ Janet L. Eveland         .
Janet L. Eveland, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. PETROU, : | |
| : | |
| Plaintiff/Counter-Defendant, : | |
| : | |
| v. : | 1:06-CV-02159-GK |
| : | |
| CARROLLTON BANK, : | |
| : | |
| Defendant/Counter-Plaintiff/ : | |
| Cross-Plaintiff : | |
| : | |
| and : | |
| : | |
| EISNER COMMUNICATIONS, INC., : | |
| : | |
| Defendant, : | |
| and : | |
| : | |
| EISNER PETROU & ASSOCIATES, INC., : | |
| : | |
| Defendant/Cross-Defendant, : | |
| and : | |
| : | |
| STEVEN C. EISNER, : | |
| : | |
| Defendant/Cross-Defendant, : | |
| and : | |
| : | |
| SARA EISNER : | |
| : | |
| Defendant. : | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT/COUNTER-PLAINTIFF/CROSS-
PLAINTIFF CARROLLTON BANK'S
OPPOSITION TO PLAINTIFF PETROU'S
MOTION FOR LEAVE TO FILE
<u>AMENDED COMPLAINT</u>

Comes now Defendant/Counter-Plaintiff/Cross-Plaintiff, Carrollton Bank, by and

through counsel, and respectfully opposes Plaintiff Petrou's Motion for Leave to File

4

Amended Complaint ("Motion to Amend") and in support thereof states as follows:

1. Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires". "[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). "In the absence of any apparent or declared reason-such as ... futility of amendment...-the leave sought should, as the rules require, be 'freely given.'" Id. If, however, an amendment would be futile then leave to amend should be denied. Klein v. Toupin, Civil Action No. 05-647-GK (U.S.D.C., D.C. April 14, 2006) ("granting leave is improper where the amendment would be futile. [citation omitted]"); Zandford v. National Ass'n of Securities Dealers, Inc., 19 F.Supp.2d 4, 9 (U.S.D.C., D.C., 1998) (granting leave to amend would be futile because plaintiff still does not plead a claim upon which relief could be granted). Plaintiff's attempted amendments would be futile and therefore his motion for leave to amend should be denied.

2. Plaintiff admits that "The proposed amendments are minor, and relate principally to plaintiff's seventh and eighth causes of action..." Motion, p. 1. In fact the changes are so minor that the amended complaint would make no relevant difference to plaintiff's claims at all nor could the amended complaint survive a motion to dismiss as to Counts VII and VIII any better than the original complaint.

3. The only changes in the amended complaint which are relevant to Count VII (for injunctive relief) are general conclusory allegations contained only in Count VII itself. Generalized allegations without factual allegations are insufficient as a matter of law and should be dismissed. Simpson v. Welch, 900 F.2d 33, 35 -36 (4th Cir., 1990)

(conclusory allegations do not state a claim upon which relief can be granted); <u>Settles v. Pinkerton, Inc.</u>, 482 F.Supp. 461, 468 (D.C.S.C., 1979) (vague and conclusory complaint cannot withstand motion to dismiss without sufficient factual details so as to state a claim).  Plaintiff's amended Count VII therefore could not withstand a motion to dismiss for failure to state a claim any better than his original complaint.

    4.    The only apparent change in the amended complaint regarding Plaintiff's Count VIII (for declaratory judgment and statutory violations) is contained in paragraph 15 of the amended complaint to add language allegedly contained in plaintiff's deed of trust for the benefit of Carrollton Bank: "That Deed of Trust, by its express terms, provided that it was given 'to secure...performance of a guaranty from grantor to lender, and does not directly secure obligations due lender under the note..." Amended Complaint, paragraph 15.

    5.    It is still true that none of the statutes alleged, however, apply to the transactions alleged in the amended Complaint and Count VIII of the amended complaint would therefore still be subject to dismissal for failure to state a claim. The alleged statutory violations remain the same in the amended complaint as they were in the complaint:  alleged violations of D.C. Code, §§26-1101, et seq., the Mortgage Lender and Broker Act, 15 U.S.C. §§1601, et seq. (the Truth in Lending Act or TILA), and 12 U.S.C. §§2601, et seq. (Real Estate Settlement Procedures Act or RESPA).  Amended Complaint, paragraph 114; Complaint, paragraph 109.  The alleged facts underlying all of the violations remain the same in the amended complaint as they were in the complaint. Amended Complaint, paragraphs 8, 15, 16 and 17 as compared with Complaint,

6

paragraphs 8, 15, 16 and 17. Plaintiff's amended complaint still fails to state a cause of action for any of the statutory violations in Count VIII. In this opposition Defendant Carrollton Bank incorporates the Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII as to Defendant Carrollton Bank herein by reference.

6. D.C. Code, §§26-1101, et seq., the Mortgage Lender and Broker Act, still does not apply to state chartered banks, and Plaintiff still alleges that Carrollton Bank is a state chartered bank. D.C. Code, §26-1102. Amended Complaint, paragraph 8; Complaint, paragraph 8.

7. TILA (15 U.S.C. §§ 1601 to 1667f) still does not apply to business and commercial credit transactions and Plaintiff still alleges that the extension of credit by Carrollton Bank was for business and commercial purposes. 15 U.S.C. §1603(1). Amended Complaint, Paragraph 15; Complaint, Paragraph 15.

8. RESPA (12 U.S.C. §2601, et seq.) still does not apply to business and commercial credit transactions and Plaintiff still alleges that the extension of credit by Carrollton Bank was for business and commercial purposes. 12 U.S.C. §2606(a). Amended Complaint, Paragraph 15; Complaint, Paragraph 15.

9. RESPA still contains a one year statute of limitations and Plaintiff still alleges the same time-barred RESPA violations. 12 U.S.C. § 2614. Amended Complaint, Paragraphs 16 and 17; Complaint, Paragraphs 16 and 17.

WHEREFORE, Defendant/Counter-Plaintiff/Cross-Plaintiff Carrollton Bank respectfully requests that Plaintiff's Motion for Leave to File Amended Complaint be

denied, and for such other and further relief as this Court may deem just and proper.

             Respectfully submitted,

             /s/ Janet L. Eveland    .
             Janet L. Eveland, Esquire
             DC Bar #370611
             Law Offices of Janet L. Eveland, Chartered
             10320 Little Patuxent Parkway
             Suite 311
             Columbia, Maryland  21044
             301-621-4722
             Attorney for Defendant/Counter-
             Plaintiff/Cross-Plaintiff, Carrollton Bank

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | 1:06-CV-02159-GK |
| | : | |
| CARROLLTON BANK, | : | |
| | : | |
| Defendant/Counter-Plaintiff/ Cross-Plaintiff | : | |
| | : | |
| and | : | |
| | : | |
| EISNER COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| EISNER PETROU & ASSOCIATES, INC., | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| STEVEN C. EISNER, | : | |
| | : | |
| Defendant/Cross-Defendant, | : | |
| and | : | |
| | : | |
| SARA EISNER | : | |
| | : | |
| Defendant. | : | |

ORDER DENYING PLAINTIFF PETROU'S
MOTION FOR LEAVE TO FILE
<u>AMENDED COMPLAINT AS FUTILE</u>

The Plaintiff Petrou's Motion for Leave to File Amended Complaint having come before this Court, opposition thereto having been filed, [the parties having been heard], it is therefore,

FOUND, that the proposed changes in Plaintiff's Amended Complaint for Damages and Declaratory Injunctive Relief are so minor that they make no difference to the survivability of

Plaintiff's complaint, and it is,

FURTHER FOUND, that the only changes in Plaintiff's Amended Complaint for Damages and Declaratory Injunctive Relief regarding Count VII (for injunctive relief) are the addition of general conclusory allegations insufficient as a matter of law so as to require dismissal for failure to state a claim, and it is,

FURTHER FOUND, that Plaintiff makes no material changes in Plaintiff's Amended Complaint for Damages and Declaratory Injunctive Relief regarding Count VIII (declaratory relief and statutory violations) so as to save it from dismissal for failure to state a claim, and it is,

FURTHER FOUND, that the amendments included in Plaintiff's Amended Complaint for Damages and Declaratory Injunctive Relief would be futile, and it is, therefore

ORDERED, that Plaintiff's Motion for Leave to File Amended Complaint be, and hereby is, DENIED.

District of Columbia
_____, 2007                    _____
                                                                          JUDGE

cc:   Janet L. Eveland, Esq.
      10320 Little Patuxent Pkwy., Ste. 311
      Columbia, Maryland  21044

      Paul G. Gaston, Esq.
      Law Offices of Paul G. Gaston
      1120 19th Street, N.W.
      Suite 750
      Washington, D.C.  20036

      Eisner Communications, Inc.
      509 South Exeter Street
      Baltimore, MD  21201

Eisner Petrou & Associates, Inc.
509 South Exeter Street
Baltimore, MD  21201

Mr. Steven C. Eisner
207 Longwood  Road
Baltimore, MD  21210

Ms. Sara Eisner
207 Longwood  Road
Baltimore, MD  21210