IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID M. PETROU,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 06-2159 (GK) |
| | ) |
| | ) |
| **CARROLLTON BANK, et al**. | ) |
| | ) |
| Defendants. | ) |

**REPLY OF PLAINTIFF/COUNTER-DEFENDANT PETROU TO COUNTERCLAIMS OF DEFENDANT CARROLLTON BANK**

Pursuant to Rule 12, Fed. R. Civ. P., Plaintiff and CounterDefendant David M. Petrou hereby replies, by and through undersigned counsel, to the allegations of Carrollton Bank in its Counterclaim filed January 30, 2007. Petrou replies to each numbered paragraph separately below:

1. Admits.

2. This allegation pertains to another party, and plaintiff lacks sufficient knowledge or information to form a belief as to its truth.

3. This allegation pertains to another party, and plaintiff lacks sufficient knowledge or information to form a belief as to its truth.

4. This allegation states a conclusion of law to which no response is required.

5. This allegation states a conclusion of law to which no response is required.

6. Admits.

7. Plaintiff admits that he executed a promissory note, but avers that the note itself is the best evidence of its terms and denies all allegations and characterizations of this paragraph

inconsistent with those terms.

    8. This allegation states a conclusion of law to which no response is required. To the extent this allegation states a matter of mixed fact and law, plaintiff avers that the document itself is the best evidence of its terms and denies all allegations and characterizations of this paragraph inconsistent with those terms.

    9. This paragraph states conclusions of law to which no responses are required. To the extent this papragraph states matters of mixed fact and law, plaintiff avers that the documents referred to are the best evidence of their terms and denies all allegations and characterizations of this paragraph inconsistent with those terms. Plaintiff further and expressly denies that the line of credit referred to was either secured by or conditioned on the described deed of trust.

    10. Plaintiff lacks sufficient information or knowledge as to what date and whether he signed the referenced document. Plaintiff does not respond to the remaining allegations of the paragraph which are conclusions of law. To the extent this paragraph alleges a matter of mixed fact and law, plaintiff avers that the document itself is the best evidence of its terms and denies all allegations and characterizations of this paragraph inconsistent with those terms.

    11. Plaintiff lacks sufficient information or knowledge as to what date and whether he signed the referenced document. Plaintiff does not respond to the remaining allegations of the paragraph which are conclusions of law. To the extent this paragraph alleges a matter of mixed fact and law, plaintiff avers that the document itself is the best evidence of its terms and denies all allegations and characterizations of this paragraph inconsistent with those terms.

    12. Plaintiff admits that Carrolton Bank forwarded a sum of money to EPA, but lacks sufficient knowledge or information as to the exact amount. Plaintiff denies all other allegations

of this paragraph.

    13. Denies.

    14. Denies.

    15. Plaintiff admits that he personally has made no payments to the Bank, but denies the remaining allegations of the paragraph which relate to him, and lacks sufficient information or knowledge to form an opinion of the truth of the averments of this paragraph which relate to other parties.

    16. This paragraph states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

    17. This paragraph states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

    18. This paragraph states conclusions of law to which no response is required. To the extent this paragraph alleges matters of mixed fact and law, plaintiff avers that the documents themselves are the best evidence of their terms and denies all allegations and characterizations of this paragraph inconsistent with those terms.

## AFFIRMATIVE DEFENSES

    A. Carrollton Bank fails to state any cause of action or legal theory for its counterclaim against Petrou.

    B. Carrollton Bank's counterclaim against Petrou is barred by the applicable statute of limitations.

    C. Carrollton Bank's counterclaim against Petrou is barred by the doctrine of estoppel.

    D. Carrollton Bank's counterclaim against Petrou is barred by the doctrine of laches.

E. Carrollton Bank's counterclaim against Petrou is barred by the doctrine of unclean hands.

F. Carrollton Bank's counterclaim against Petrou is barred by the doctrine of waiver.

G. Carrollton Bank's counterclaim against Petrou is barred by the doctrine of contributory negligence.

H. Carrollton Bank's counterclaim against Petrou is subject to set-off in whole or in part.

I. All other matters constituting an affirmative defense which may be discovered at any time up to and including trial in this matter.

WHERFORE, Petrou demands that all of Carrollton Bank's counterclaim or counterclaims against Petrou be dismissed, with prejudice, and that the Court award Petrou all costs of defending against such counterclaim(s), including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

/s/_____
Paul G. Gaston, DC Bar # 290833
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
(202) 296-5856
Fax: (202) 296-4154
*Attorney for Plaintiff*

February 20, 2007

CERTIFICATE OF SERVICE

I hereby certify that, on this 20[h] day of February, 2007, the foregoing Plaintiff's Reply to Carrollton Bank's Counterclaims was served by first class mail, postage prepaid, on the following:

Eisner Petrou & Associates
509 South Exeter Street
Baltimore, MD 21202

and

Andrew M. Dansicker, Esq.
Schulman, Treem, Kaminkow,
Gilden & Ravenell, P.A.
Suite 1800, The World Trade Center
401 East Pratt Street
Baltimore, MD 21202
(counsel for Steven and Sara Eisner and Eisner Communications)

    __/s/_____
    Paul G. Gaston