IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,                    *

        Plaintiff,              *

       vs.                          *      Case No.: 1:06-CV-02159-GK

CARROLTON BANK,                     *
et al.,
                          *

        Defendants.             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**ANSWER**

_____Defendant Steven C. Eisner, by and through his undersigned counsel, submits this
Answer to the Amended Complaint and Cross-Claims and states as follows:

1.      Paragraph 1 contains no factual allegations to admit or deny, except that Mr.
Eisner admits that he is a citizen and resident of the Maryland.  To the extent Paragraph 1
contains any factual allegations, however, such allegations are denied, except Mr. Eisner admits
that Plaintiff purports to invoke the jurisdiction of this Court.

2.      Paragraph 2 contains no factual allegations to admit or deny but rather only states
legal conclusions as to which an answer is not required.  To the extent that Paragraph 2 contains
any factual allegations, Mr. Eisner is without knowledge or information sufficient to form a
belief as to the truth of the allegations of Paragraph 2.

3.      Mr. Eisner is without knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 3, except admits that Mr. Petrou is the former President,
Chief Operating Officer, and a former member of the Board of Directors of Eisner Petrou &
Associates ("EPA"), and that he was a shareholder of EPA whose voting rights were transferred

to Mr. Eisner in 2004.

4.    Mr. Eisner admits the allegations of Paragraph 4, except denies that EPA maintained a DC office after August 2004 and denies that control of EPA became "solely the responsibility" of "Steve and Sara Eisner."

5.    Mr. Eisner admits the allegations of Paragraph 5, except denies that Eisner Communications ("EC") was wholly owned jointly by Steve Eisner and Sara Eisner.

6.    Paragraph 6 states legal conclusions as to which an answer is not required.  To the extent that Paragraph 6 states factual allegations, Mr. Eisner admits the allegations of Paragraph 6 except denies that he was solely responsible for the day-to-day operations of EPA.

7.    Paragraph 7 states legal conclusions as to which an answer is not required.  To the extent that Paragraph 7 states factual allegations, Mr. Eisner admits the allegations of Paragraph 7, except denies that Steve and Sara Eisner effectively and completely controlled the operations of EC, and, since August 2004, the operations of EPA, and is without knowledge or information sufficient to form a belief as to the truth of the allegation that Sara Eisner conducted business in the District of Columbia.

8.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

**FACTS**

9.    Mr. Eisner admits the allegations of Paragraph 9.

10.    Mr. Eisner admits the allegations of Paragraph 10.

11.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, except admits that he provided a personal guarantee to Carrollton Bank.

16.    Mr. Eisner admits the allegations of Paragraph 16.

17.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

**Petrou Retires from EPA Under Terms Requiring**
**EPA to Pay Down Carrollton Bank Loan from Cash Flow**

24.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the

Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

### EPA Fails To Make Required Payments

32.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.  To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the Operating and Retirement Agreement, Mr. Eisner denies the allegations.

33.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.  To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the

Operating and Retirement Agreement, Mr. Eisner denies the allegations.

34.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34. To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the Operating and Retirement Agreement, Mr. Eisner denies the allegations.

35.    Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35. To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the Operating and Retirement Agreement, Mr. Eisner denies the allegations.

**Steve and Sara Eisner Operated EC to the Detriment of EPA**

36.    Mr. Eisner denies the allegations of Paragraph 36, except admits that he held the positions of Chief Executive Officer and the Chairman of the Board of Directors of EC and EPA, and that Sara Eisner was a senior officer and director of EC.

37.    Paragraph 37 states legal conclusions as to which an answer is not required.

38.    Mr. Eisner denies the allegations of Paragraph 38.

39.    Mr. Eisner denies the allegations of Paragraph 39, except Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged actions of the Board of Directors of EPA in June 2004.

40.     Mr. Eisner denies the allegations of Paragraph 40.

**EC and EPA Cease Operations and the Bank
Seizes EC Assets, Including Those Properly Attributable to EPA**

41.     Mr. Eisner denies the allegations of Paragraph 41, except admits that EC ceased

operations on or about November 9, 2006, leaving many unpaid debts and terminating

approximately 50 employees.

42.     Mr. Eisner is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 42, except admits that Carrollton Bank extended loans

pursuant to a line of credit to EC.

43.     Mr. Eisner admits the allegations of Paragraph 43.

44.     Mr. Eisner is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 44, except Mr. Eisner denies that any EPA assets were

improperly diverted to EC.

45.     Mr. Eisner is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 45, except Mr. Eisner denies that any EPA assets were

improperly diverted to EC.

46.     Mr. Eisner is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 46, except Mr. Eisner denies any allegations that he

engaged in any improper conduct regarding Carrollton Bank's efforts to recover its outstanding

loans to EC or EPA.

47.     Mr. Eisner denies the allegations of Paragraph 47.

## I.  DEMAND FOR AN ACCOUNTING

48.     Paragraph 48 contains no factual allegations to admit or deny.

49.     Paragraph 49 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Paragraph 50 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     Paragraph 51 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner denies the truth of the allegations of Paragraph 51.

52.     Paragraph 52 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Paragraph 53 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.     Paragraph 54 contains no factual allegations against Mr. Eisner to admit or deny,

but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

## II.  BREACH OF CONTRACT

55.     Paragraph 55 contains no factual allegations to admit or deny.

56.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56

57.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.  To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the Operating and Retirement Agreement, Mr. Eisner denies the allegations.

58.     Mr. Eisner admits the existence of an "Operating and Retirement Agreement" between Plaintiff and EPA, but Plaintiff failed to attach a copy of such agreement to the Amended Complaint, and therefore Mr. Eisner is without specific knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.  To the extent Plaintiff alleges that EPA failed to pay the Carrollton Bank indebtedness in violation of the Operating and Retirement Agreement, Mr. Eisner denies the allegations.

59.     Mr. Eisner denies the allegations of Paragraph 59.

60.    Mr. Eisner denies the allegations of Paragraph 60.

61.    Mr. Eisner denies the allegations of Paragraph 61

62.    Mr. Eisner denies the allegations of Paragraph 62.

## III.  CONTRIBUTION

63.    Paragraph 63 contains no factual allegations to admit or deny.

64.    Mr. Eisner admits the allegations of Paragraph 64.

65.    Mr. Eisner admits the allegations of Paragraph 65.

66.    Paragraph 66 states legal conclusions as to which an answer is not required.

67.    Paragraph 67 contains no factual allegations to admit or deny.

## IV.  CIVIL CONSPIRACY

68.    Paragraph 68 contains no factual allegations to admit or deny.

69.    Mr. Eisner denies the allegations of Paragraph 69.

70.    Mr. Eisner denies the allegations of Paragraph 70.

71.    Mr. Eisner denies the allegations of Paragraph 71.

72.    Mr. Eisner denies the allegations of Paragraph 72.

73.    Mr. Eisner denies the allegations of Paragraph 73.

74.    Mr. Eisner denies the allegations of Paragraph 74.

75.    Mr. Eisner denies the allegations of Paragraph 75.

## V.  NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

76.    Paragraph 76 contains no factual allegations to admit or deny.

77.    Paragraph 77 states legal conclusions as to which an answer is not required,

except admits that Mr. Eisner was an officer and director of EPA, that Ms. Eisner exercised control over the affairs of EC, and that Mr. Petrou was a shareholder of EPA, and denies that Sara Eisner exercised control over the affairs of EPA.

78.    Paragraph 78 states legal conclusions as to which an answer is not required, except admits that Mr. Eisner was a director of EPA, that Ms. and Mrs. Eisner exercised control over the affairs of EC, and denies that Sara Eisner exercised control over the affairs of EPA.

79.    Mr. Eisner denies the allegations of Paragraph 79.

80.    Paragraph 80 states legal conclusions as to which an answer is not required.

## VI.  PIERCING OF THE CORPORATE VEIL

81.    Paragraph 81 contains no factual allegations to admit or deny.

82.    Mr. Eisner denies the allegations of Paragraph 82.

83.    Mr. Eisner denies the allegations of Paragraph 83.

84.    Mr. Eisner denies the allegations of Paragraph 84.

85.    Mr. Eisner denies the allegations of Paragraph 85.

86.    Mr. Eisner denies the allegations of Paragraph 86.

## VII.  PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

87.    Paragraph 87 contains no factual allegations to admit or deny.

88.    Paragraph 88 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89.    Paragraph 89 contains no factual allegations against Mr. Eisner to admit or deny,

but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90.     Paragraph 90 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     Paragraph 91 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

92.     Paragraph 92 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.     Paragraph 93 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93.

94.     Paragraph 94 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 94.

95.     Paragraph 95 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

96.     Paragraph 96 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97.     Paragraph 97 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.     Paragraph 98 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

## VIII.  DECLARATORY JUDGMENT

99.     Paragraph 99 contains no factual allegations to admit or deny.

100.     Paragraph 100 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 100.

101.    Paragraph 101 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    Paragraph 102 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

103.    Paragraph 103 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    Paragraph 104 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

105.    Paragraph 105 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

106.    Paragraph 106 contains no factual allegations against Mr. Eisner to admit or deny,

but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106.

107.    Paragraph 107 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107.

108.    Paragraph 108 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.    Paragraph 109 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.    Paragraph 110 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110.

111.    Paragraph 111 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 111.

112.    Paragraph 112 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112.

113.    Paragraph 113 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113.

114.    Paragraph 114 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114.

115.    Paragraph 115 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115.

116.    Paragraph 116 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116.

## IX.  NEGLIGENCE AND LENDER LIABILITY

117.    Paragraph 117 contains no factual allegations to admit or deny.

118.    Paragraph 118 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118.

119.    Paragraph 119 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119.

120.    Paragraph 120 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120.

121.    Paragraph 121 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.    Paragraph 122 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122.

17

## X.  CREATION OF A CONSTRUCTIVE TRUST

123.    Paragraph 123 contains no factual allegations to admit or deny.

124.    Paragraph 124 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner denies the truth of the allegations of Paragraph 124.

125.    Paragraph 125 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126.    Paragraph 126 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

127.    Paragraph 127 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127.

128.    Paragraph 128 contains no factual allegations against Mr. Eisner to admit or deny, but to the extent Mr. Eisner is required to answer these allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Mr. Eisner upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred by the unclean hands of Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred by improper venue.

### SIXTH DEFENSE

Plaintiff's claims are barred because he is not subject to individual liability under the facts set forth in the Amended Complaint.

### SEVENTH DEFENSE

Plaintiff's claims are barred by contributory negligence and assumption of risk.

### EIGHTH DEFENSE

Mr. Eisner's actions were done in good faith, without malice and without intent such that the relief sought (including but not limited to liquidated and/or punitive damages) is not available.

## NINTH DEFENSE

Plaintiff's claims are barred by estoppel, waiver, release, accord and satisfaction, payment, set-off and mutual assent.

## ANSWER TO CROSS-CLAIM OF CARROLLTON BANK

1.      Paragraph 1 contains no factual allegations to admit or deny but rather only states legal conclusions as to which an answer is not required. To the extent that Paragraph 1 contains any factual allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      Mr. Eisner admits the allegations of Paragraph 2.

3.      Mr. Eisner admits the allegations of Paragraph 3.

4.      Mr. Eisner admits the allegations of Paragraph 4.

5.      Paragraph 5 contains no factual allegations to admit or deny but rather only states legal conclusions as to which an answer is not required. To the extent that Paragraph 5 contains any factual allegations, Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Mr. Eisner admits the allegations of Paragraph 6.

7.      Mr. Eisner admits the allegations of Paragraph 7.

8.      Mr. Eisner admits the allegations of Paragraph 8.

9.      Mr. Eisner admits the allegations of Paragraph 9.

10.      Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.      Mr. Eisner is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 11.

      12.    Mr. Eisner admits the allegations of Paragraph 12.

      13.    Mr. Eisner admits the allegations of Paragraph 13.

      14.    Mr. Eisner admits the allegations of Paragraph 14.

      15.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, except Mr. Eisner admits that he has not made the requested payment upon the Eisner Guarantee.

      16.    Paragraph 16 contains no factual allegations to admit or deny but rather only states legal conclusions as to which an answer is not required.

      17.    Mr. Eisner is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

      18.    Paragraph 18 contains no factual allegations to admit or deny but rather only states legal conclusions as to which an answer is not required.

Dated: February 26, 2007                Respectfully Submitted,

                                    /s/

                                Joshua R. Treem
                                Leslie D. Hershfield (427135)
                                Andrew M. Dansicker
                                Schulman, Treem, Kaminkow,
                                Gilden & Ravenell, P. A.
                                The World Trade Center, Suite 1800
                                401 East Pratt Street
                                Baltimore, Maryland 21202
                                Telephone: 410-332-0850
                                Facsimile: 410-332-0866

                                *Counsel for Defendant Steven C. Eisner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2007, a copy of the foregoing

Answer was served electronically to:

Paul G. Gaston, Esq.
Law Offices of Paul G. Gaston
1120 19th Street, NW, Suite 750
Washington, D.C.  20036

Janet L. Eveland, Esq.
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway, Suite 311
Columbia, Maryland 21044


_____/s/_____
Leslie D. Hershfield