IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | * | |
| Plaintiff, | * | |
| vs. | * | Case No.: 1:06-CV-02159-GK |
| CARROLTON BANK, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT SARA EISNER'S MOTION
TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Defendant Sara Eisner, by and through his undersigned counsel, submits this Motion to Dismiss and Supporting Memorandum of Law and states as follows:

1. Plaintiff David M. Petrou has filed an Amended Complaint naming Sara Eisner as a defendant to several causes of action, including civil conspiracy, negligence and breach of fiduciary duty and piercing of the corporate veil.

2. Plaintiff has completely failed, however, to adequately and specifically allege facts demonstrating that this Court can exercise personal jurisdiction over Ms. Eisner.

3. Specifically, Plaintiff has merely alleged that "all defendants, including the Bank, have conducted business in and are subject to personal jurisdiction in the District of Columbia" (Amended Complaint at ¶ 2) and "she has conducted business in the District of Columbia" through "her joint control of EC and EPA with her husband." (Amended Complaint at ¶ 7).

4. In the attached Affirmation of Sara Eisner, Ms. Eisner directly debunks these general allegations, stating affirmatively that she does not reside in the District of Columbia, has never engaged in or transacted any business with Mr. Petrou or Eisner Petrou & Associates in the

District of Columbia, and has not regularly engaged in or transacted business relating to Eisner Communications in the District of Columbia.

5. Moreover, Ms. Eisner states that she has never engaged in any conduct or dealings or transacted any business in the District of Columbia arising from or relating to the allegations against her set forth in the Amended Complaint.

6. In fact, her only contacts with the District of Columbia have either been a few visits for personal reasons, or a several visits on behalf of Eisner Communications, not Eisner Petrou & Associates or Mr. Petrou.

7. Plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over Ms. Eisner. *FC Investment Group LC v. Lichtenstein*, 441 F. Supp.2d 3, 7 (D.D.C. 2006).

8. Plaintiff may not establish personal jurisdiction by relying on "bare allegations and conclusory statements" and must allege "specific facts connecting the defendant with the forum." *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp.2d 72, 74 (D.D.C. 2003).

9. In addition, plaintiff must allege specific facts that "demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." *Brunson v. Kalil & Co.*, 404 F. Supp.2d 221, 226 (D.D.C. 2005).

10. The underlying question is whether Ms. Eisner has purposefully established minimum contacts with the District of Columbia such that the maintenance of a suit against her does not offend the traditional notions of fair play and substantial justice. *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004).

11. In light of the fact that Ms. Eisner does not reside in the District of Columbia, and considering that her principal place of business is not located in the District of Columbia, Mr. Petrou must demonstrate either that: a) his alleged injury arose directly from Ms. Eisner's transaction of business or commission of a tort <u>within</u> the District of Columbia, or b) by Ms. Eisner's commission of a tort <u>outside</u> the District of Columbia that caused a tortious injury in the District of Columbia if Ms. Eisner regularly conducts or engages in business in the District of Columbia. *Moore v. Motz*, 437 F. Supp.2d 88, 92-93 (D.D.C. 2006); *See also Mays v. Meeks*, 2006 U.S. Dist. LEXIS 16295 (D.D.C. April 5, 2006) (noting that general jurisdiction principles in the District of Columbia are "arguably inapplicable" to non-resident individuals sued in their personal capacity).

12. Plaintiff has not specifically alleged that Ms. Eisner engaged in any tortious conduct or engaged in any business transactions in the District of Columbia that caused his alleged tortious injuries, nor has he specifically alleged that Ms. Eisner even visited him or communicated with him in the District of Columbia relating to any matters concerning the subject matter of his lawsuit.

13. Ms. Eisner has submitted an Affirmation stating that she did not regularly conduct or engage in business transactions in the District of Columbia.

14. Consequently, the Court should grant Defendant Sara Eisner's Motion to Dismiss for lack of personal jurisdiction.

Dated: February 26, 2007                    Respectfully Submitted,

                                            _____/s/_____
                                            Joshua R. Treem
                                            Leslie D. Hershfield (427135)
                                            Andrew M. Dansicker
                                            Schulman, Treem, Kaminkow,
                                            Gilden & Ravenell, P. A.
                                            The World Trade Center, Suite 1800
                                            401 East Pratt Street
                                            Baltimore, Maryland 21202
                                            Telephone: 410-332-0850
                                            Facsimile: 410-332-0866

                                            *Counsel for Defendant Steven C. Eisner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of February, 2007, a copy of the foregoing Motion to Dismiss and Supporting Memorandum of Law was served electronically to:

Paul G. Gaston, Esq.
Law Offices of Paul G. Gaston
1120 19th Street, NW, Suite 750
Washington, D.C. 20036

Janet L. Eveland, Esq.
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway, Suite 311
Columbia, Maryland 21044

_____/s/_____
Leslie D. Hershfield

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,     *

       Plaintiff,     *

       vs.     *     Case No.: 1:06-CV-02159-GK

CARROLTON BANK,     *
et al.,
        *

       Defendants.
        *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**ORDER GRANTING
DEFENDANT SARA EISNER'S MOTION TO DISMISS**

Defendant Sara Eisner's Motion to Dismiss and Supporting Memorandum of Law having come before this Court, and considering any opposition thereto, and any hearing, it is hereby

ORDERED that Defendant Sara Eisner's Motion to Dismiss is hereby GRANTED.

SO ORDERED this ___ day of _____, 2007.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,

    Plaintiff,

vs.       Case No.: 1:06-CV-02159-GK

CARROLTON BANK,
et al.,

    Defendants.

## AFFIRMATION OF SARA EISNER

I, Sara Eisner, the undersigned, do solemnly swear and affirm that:

1. I am over the age of eighteen and have personal knowledge of the facts stated herein.

2. I am submitting this Affirmation in support of Defendant Sara Eisner's Motion to Dismiss and Supporting Memorandum of Law.

3. I reside in the State of Maryland and my former place of business, Eisner Communications, is and has always been located in Maryland.

4. I have not engaged in any specific conduct or dealings or transacted any business in the District of Columbia with David Petrou or Eisner Petrou & Associates in the past three years, nor have I engaged in or transacted any business regarding Mr. Petrou, Eisner Petrou & Associates, Inc. or the business of Eisner Petrou & Associates, Inc., in the District of Columbia in the past three years.

5. In fact, I never engaged in or transacted any business or conduct that is the subject of the pending lawsuit in the District of Columbia, nor do any specific allegations in the Amended Complaint suggest that I ever engaged in any such conduct or business transactions in the District of Columbia.

6. I have visited the District of Columbia on various occasions for personal reasons, and I have visited the District of Columbia on several occasions over the past several years for business reasons on behalf of Eisner Communications, not Eisner Petrou & Associates.

7. At no time have I regularly engaged in or transacted business in the District of Columbia relating to Eisner Communications or Eisner Petrou & Associates.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing Affirmation is true and correct.

Executed this 25th day of February 2007.

_____
Sara Eisner