IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID M. PETROU,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CA No. 06-2159 (GK)** |
| | ) |
| | ) |
| **CARROLLTON BANK, et al**. | ) |
| | ) |
| Defendants. | ) |

**PARTIES' JOINT MEET AND CONFER STATEMENT**

Counsel for plaintiff David M. Petrou, defendant Carrollton Bank, and defendants Steven and Sara Eisner conferred on February 27, 2007. (Defendants Eisner Petrou & Associates, Inc., ("EPA") and Eisner Communications, Inc., ("EC") were unrepresented.)

The parties discussed the matters listed in LCvR 16.3(c) as follows:

(1) The parties differed on whether the case was likely to be resolved by dispositive motion and whether discovery or other matters should await decision on any motion. Plaintiff Petrou does not believe the case can be resolved by dispositive motion, and already served discovery requests directed to Carrollton Bank shortly after conclusion of the conference. After the conference, Defendant Carrollton Bank moved to dismiss two of plaintiff's causes of action against it, and intends to move for summary judgment with respect to the others. Defendant Carrollton Bank believes discovery directed to it should be stayed pending disposition of its motions, and plans to move for such a stay. Defendant Sara Eisner has moved to dismiss for lack of jurisdiction and objects to any discovery directed to Sara Eisner pending resolution of her jurisdictional motion. Plaintiff believes he is entitled at least to jurisdictional discovery from

Sara Eisner, even pending her motion. Defendant Steven Eisner does not believe the claims against him can be resolved by dispositive motion, and plaintiff Petrou agrees.

(2) None of the represented parties believed that any other parties needed to be joined. All parties agreed that any motion for leave to join or to file amended pleadings should be due within two weeks of close of discovery. The parties did not believe at this time that the factual or legal issues could be substantially narrowed, but agreed to try to do so at a later date.

(3) All parties declined to consent to assignment to a magistrate judge.

(4) The parties discussed settlement possibilities. Petrou and Carrollton Bank found that they were too far apart to pursue settlement discussions productively at this stage. Defendant Steven Eisner expressed a willingness to settle with respect to his personal guarantee but an inability to do so because of a lack of funds. Despite their differences at this stage, the parties believe there is some possibility of settlement at a later stage.

(5) The parties discussed the possibility of ADR. Petrou's counsel reported that he had discussed that possibility with his client, and that Petrou was open to the possibility of mediation. Carrollton Bank's counsel and the Eisners' counsel reported that they had not thoroughly discussed that option with their clients, but would do so and would report back. Subsequently, all parties agreed to mediation. At the time this Report was due, the parties were still discussing the length and scope of an appropriate stay pending mediation. Because these discussions remained ongoing, the parties have not yet prepared a proposed Scheduling Order.

(6) Plaintiff does not believe that the case can be resolved by summary judgment; Carrollton Bank does; and Steve Eisner does not. The parties agreed that all relevant due dates applicable to such motions should be as set out on Track Three of Appendix 1 to the Court's

Order of February 16, 2007, with such modifications as may be necessary pending mediation.

(7) The parties agreed not to dispense with initial Rule 26(a)(1) disclosures, and to provide them on or before March 23, 2007.

(8) The parties agreed that discovery should be governed by the dates and deadlines set out on Track Three of Appendix 1 to the Court's Feb. 16 Order. The parties did not see any reason to depart from the normal limits on discovery set out by the Court's rules and by the Federal Rules of Civil Procedure. Steve and Sara Eisner's counsel and counsel for Carrollton Bank noted that document discovery related to the affairs of Steve Eisner, EPA and EC may be delayed and/or complicated because of pending subpoenas for relevant documents in an ongoing criminal investigation.

(9) The parties agreed that, to the extent experts were going to be used, disclosure of their identities, reports, and discovery related to them should be governed by the deadlines set out for Track Three in Appendix 1 to the Court's Feb. 16 Order.

(10) Not applicable. No class action issues are contemplated by the parties.

(11) The parties did not believe that any planning for bifurcation or management in phases was required.

(12) The parties agreed that all scheduling and dates, including the date for the pretrial conference, should be governed by the dates set out on Track Three of the Court's Appendix 1 to its Feb. 16 Order.

(13) The parties agreed that no trial date should be set until the pretrial conference.

(14) Not applicable. The parties do not believe that any other matters are currently appropriate for inclusion.

Pursuant to the Court's instructions in its Feb. 16 Order, the parties decided to submit their own separate brief statements of the case with citation to statutes on which they rely for causes of action and/or defenses.

Respectfully submitted,

/s/_____
Paul G. Gaston, DC Bar # 290833
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
(202) 296-5856
Fax: (202) 296-4154
*Attorney for Plaintiff*

/s/_____
Janet L. Eveland, DC Bar # 370611
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway
Suite 311
Columbia, MD 21044
301-621-4722
Fax: 410-772-8988
*Attorney for Defendant/Counter-Plaintiff/Cross-Plaintiff Carrollton Bank*

/s/_____

Leslie D. Hershfield, D.C. Fed. Bar # 427135
Andrew M. Dansicker
Schulman, Treem, Kaminkow,
        Gilden & Ravenell, P.A.
Suite 1800, The World Trade Center
401 East Pratt Street
Baltimore, MD 21202
*Attorney for Defendants Steven and Sara Eisner*