UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,                :
                                :
      Plaintiff              :
                                :
v.                              :         Civil Case No. 1:06CV02159
                                :
CARROLLTON BANK, et al.         :
                                :
      Defendants             :

REPLY TO PLAINTIFF PETROU'S OPPOSITION TO CARROLLTON BANK'S
MOTION TO DISMISS COUNTS VII AND VIII OF THE AMENDED COMPLAINT

      Defendant Carrollton Bank respectfully replies to Plaintiff Petrou's Opposition to Carrollton Bank's Motion to Dismiss Counts VII and VIII (the "Opposition") as follows:

      1.      In the Opposition Plaintiff continues to attempt to disguise his own responsibility. Plaintiff Petrou voluntarily divested himself of his voting rights (Amended Complaint ("AC"), ¶25), voluntarily gave up any rights to monitor Defendant EPA's cash flow (¶27), and failed to enforce his rights when Mr. Eisner, Ms. Eisner and Eisner Communications failed to perform the agreement for two years. Mr. Petrou apparently had no interest in safeguarding his own rights. Mr. Petrou now wishes to hold Carrollton Bank responsible for the disadvantageous terms of his voluntary agreement and for his failure to enforce his voluntary agreement.

      2.      Preliminary injunctive relief is an extraordinary remedy to be sparingly granted. Bristol-Myers Squibb Co. v. Shalala, 923 F.Supp. 212, 215 (D.D.C.1996); Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (party seeking preliminary injunctive must carry burden of substantial proof). The only grounds for enjoining a foreclosure is if the loan is determined not to be in default.

Pacific Mortg. & Inv. Group, Ltd. v. LaGuerre, 81 Md.App. 28, 40-41, 566 A.2d 780, 786 (Md.App.,1989). Plaintiff has not alleged that EPA is not in default under the loan documents, nor could he.

     3.    Plaintiff has not met his burden of persuasion that he is likely to succeed on the merits or that the balance of harm is in his favor. After default the Bank has the right to foreclose. Maryland Code, CL Art., §9-601(a). The Bank's rights under its loan documents and under the UCC "are cumulative and may be exercised simultaneously." Md. Code, CL Art., §9-601(c).

     4.    Mr. Petrou alleges six causes of action against Carrollton Bank. Two of those counts, for injunctive relief and for declaratory judgment, are the subject of this motion to dismiss for failure to state a claim. The remaining four counts are unlikely to succeed. Mr. Petrou's first claim, for an accounting (Count I), is barred by his failure to request an accounting pursuant to Maryland Code, CL Art., § 9-210. Moreover, Mr. Petrou cannot show grounds for an accounting at common law. Becker v. Frederick W. Lipps Co., 131 Md. 301, 307, 101 A. 783 (1917) (claim for accounting dismissed because remedy of discovery available at law is adequate, complete and sufficient); Alternatives Unlimited, Inc. v. New Baltimore City Bd. of School Com'rs, 155 Md.App. 415, 507-511, 843 A.2d 252, 306-308 (Md.App., 2004).

     5.    In Mr. Petrou's claim for conspiracy against Carrollton Bank (Count IV) he has alleged no illegal act or illegal method, either of which is necessary for a claim of conspiracy. See Green v. Washington Suburban San. Comm., 259 Md. 206, 269 A.2d 815 (1970).

6.　　As to Mr. Petrou's claim for negligence against Carrollton Bank, the Bank is not liable to Mr. Petrou in negligence (which will be shown in its motion for summary judgment). Moreover, Mr. Petrou's voluntary divestiture of his own rights (see Paragraph 1, above) constitutes contributory negligence under Maryland law so as to preclude Mr. Petrou from any recovery against Carrollton Bank. Campbell v. Montgomery County Bd. of Educ., 73 Md.App. 54, 533 A.2d 9 (1987), cert. den. 311 Md. 719, 537 A.2d 273 (1988) (contributory negligence bars recovery when injured party acts or fails to act consistent with knowledge or appreciation, actual or implied, of danger or injury involved).

7.　　The balance of equities in this case favors Carrollton Bank. See Redwood Center Ltd. Partnership v. Riggs Nat. Bank, 737 F.Supp. 671, 675-676 (D.D.C.,1990) (where plaintiff will suffer financial harm and reputational harm, plaintiff's request for injunction to enjoin foreclosure denied because public interest and balance of equities are in favor of bank).

8.　　Plaintiff's argument regarding the exemptions to the District's Mortgage Lender and Broker Act D.C. Code, §26-1103(a) is inconsistent with the plain language of the statute, the commentaries, and issues of federal preemption. The plain language of the Code affirms that Carrollton Bank is exempt from its provisions. Carrollton Bank and similar state and federal depository institutions are exempt from the requirements of the Mortgage Lender and Broker Act not because they are "more familiar with the District's lending laws" but rather because they are already regulated by states or the federal government or both.

9. "Depository institutions [such as Carrollton Bank] and their subsidiaries and affiliates, secondary market agencies, insurance companies authorized to do business in the District, and certain other persons are exempt from the law." SMHELMA DC 16. See also 12 C.F.R. §560.2; see also Monroig v. Washington Mutual Bank, F.A., 800 N.Y.S.2d 416, 418 (2005).

10. Plaintiff argues that Count VIII (declaratory judgment) is legally sufficient because it alleges a lack of renewal of the underlying loan obligation and because there is a failure of consideration for the deed of trust at issue. Neither of these arguments, however, comport with the governing law. Plaintiff in fact alleges an extension of the due date to an amount due on demand. AC, ¶13. "An instrument payable on demand becomes overdue at the earliest of the following times: (1) On the day after the day demand for payment is duly made..." MD Code, CL Art., § 3-304(a). The loan documents demand tenor was known to (and in fact signed by) Mr. Petrou. No renewal or extension of the loan was required at any future time. Therefore there was no extension by Carrollton Bank which Plaintiff might argue would excuse his performance.

11. Plaintiff also argues that there was no consideration for his deed of trust. Plaintiff alleges in his Amended Complaint that Carrollton Bank conditioned the extension of credit to EPA on receiving a fully executed deed of trust. Amended Complaint, ¶15. The loan was a line of credit, meaning that advances could be made up to the maximum amount of $350,000 pursuant to the loan documents but were not made all at one time as, for example, in a term loan or installment loan. The loan was a demand loan, meaning that Carrollton Bank could make demand on EPA for repayment at any time. Carrollton Bank made advances and did not make demand for repayment,

forebearance from which constitutes consideration for the deed of trust.  <u>Cheek v. United Healthcare of Mid-Atlantic, Inc.</u>, 378 Md. 139, 148, 835 A.2d 656, 661 (Md., 2003); <u>Vogelhut v. Kandel</u>, 66 Md.App. 170, 176, 502 A.2d 1120, 1123 (Md.App.,1986) ("...forebearance to exercise a legal right is sufficient consideration to support a promise.").

WHEREFORE, Defendant Carrollton Bank respectfully requests that Counts VII and VIII of Plaintiff's Amended Complaint be dismissed, with prejudice, against Defendant Carrollton Bank and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,
/s/ Janet L. Eveland                .
Janet L. Eveland, Esquire, DC Bar #370611
Law Offices of Janet L. Eveland, Chartered
10320 Little Patuxent Parkway, Suite 311
Columbia, Maryland  21044
301-621-4722
Attorney for Carrollton Bank

<u>CERTIFICATE OF SERVICE</u>

I hereby certify, that a copy of the foregoing Reply to Plaintiff Petrou's Opposition to Motion of Defendant Carrollton Bank to Dismiss Counts VII and VIII was served electronically pursuant to the Court's Electronic Mail Notice List and was mailed, postage pre-paid, this <u>23rd</u> day of March, 2007 to:

Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21201

Eisner Petrou & Associates, Inc.
509 South Exeter Street
Baltimore, MD 21201

/s/ Janet L. Eveland                .
Janet L. Eveland, Esq.