UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID M. PETROU, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | 1:06-CV-02159-GK |
| | : | |
| CARROLLTON BANK, et al. | : | |
| | : | |
| Defendants/Counter-Plaintiff/ | : | |
| Cross-Plaintiff/Cross- | : | |
| Defendants | : | |

MOTION OF DEFENDANT CARROLLTON BANK
TO QUASH SUBPOENA DUCES TECUM

Carrollton Bank, by and through counsel, respectfully requests that this Court quash the subpoena issued by Plaintiff David Petrou to Defendant Carrollton Bank and as grounds therefore states as follows:

1. Plaintiff served document requests on Defendant Carrollton Bank and Carrollton Bank timely responded thereto, agreeing to produce certain documents and objecting to other documents, including objecting on the grounds that Carrollton Bank is prohibited from disclosure pursuant to Maryland law.

2. On or about April 19, 2007 Plaintiff served a subpoena on Carrollton Bank requesting the documents which Carrollton Bank had previously objected to.

3. The Subpoena should be quashed as unreasonably cumulative and duplicative of Plaintiff's prior Document Requests.

4. Maryland Code, Financial Institutions Article, Section 1-302 prohibits Carrollton Bank, a state banking institution, from disclosing "to any person any financial record relating to a customer of the institution unless: (i) The customer has authorized the

disclosure to that person;..." MD Code, Financial Institutions Art., § 1-302.  None of the Bank's customers have agreed to such disclosure.

     5.     Plaintiff has made the subpoena for counsel's office on May 23, 2007 at 11:00 A.M.  The documents requested are voluminous and kept in Baltimore, where they may be produced as they are kept in the usual course of business.

     6.     Plaintiff's description of the documents subject to the subpoena is vague.  To the extent that Plaintiff includes documents protected by other privileges or subject to other objections, Carrollton Bank renews its objection.

     7.     Plaintiff has not yet examined the documents previously made available to Plaintiff yet is requesting additional documents without even attempting to look at available documents.

     8.     Carrollton Bank has attempted to resolve this matter with counsel for Plaintiff but has been unable to do so.

WHEREFORE, Defendant Carrollton Bank respectfully requests that the Subpoena be quashed, or, in the alternative, that the Subpoena be quashed as to documents protected by attorney/client privilege and work product and as to documents which refer or relate to personal financial information about Sara Eisner, Steven Eisner or Harriett Eisner, and for a protective order that any documents produced by Carrollton Bank exclusively in response to the Subpoena may be disclosed by plaintiff only to the parties, their counsel of record herein, including their necessary staff, any independent outside expert or consultant retained by any party provided they agree to these terms, any person the parties may later agree to in writing, and any judge, magistrate or personnel of the Court including court reporters and will be disclosed solely for the purpose of this

litigation unless otherwise ordered by a Court of competent jurisdiction and, if any documents made available for review by Carrollton Bank exclusively per the Subpoena are appended to pleadings in this action by any party, such pleadings shall be filed with the Court under seal to prevent their public disclosure, and for such other and further relief as this Court may deem just and proper.

                                  Respectfully submitted,

                                    /s/  Janet L. Eveland                       .
                                  Janet L. Eveland, Esquire
                                  DC Bar #370611
                                  Law Offices of Janet L. Eveland, Chartered
                                  10320 Little Patuxent Parkway, Suite 311
                                  Columbia, Maryland  21044
                                  Telephone:  301-621-4722
                                  Fax:  410-772-8988
                                  Attorney for Defendant, Carrollton Bank

## CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Motion of Defendant Carrollton Bank to Quash Subpoena, Memorandum of Points and Authorities in Support thereof, and proposed Order, was served electronically pursuant to the Court's Electronic Mail Notice List.

                                    /s/ Janet L. Eveland              .
                                  Janet L. Eveland, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. PETROU, | : |
| | : |
| Plaintiff/Counter-Defendant, | : |
| | : |
| v. | : 1:06-CV-02159-GK |
| | : |
| CARROLLTON BANK, et al. | : |
| | : |
| Defendants/Counter-Plaintiff/ | : |
| Cross-Plaintiff/Cross- | : |
| Defendants | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION OF DEFENDANT CARROLLTON BANK
TO QUASH SUBPOENA DUCES TECUM

Carrollton Bank, by and through counsel, respectfully requests that this Court quash the subpoena issued by Plaintiff David Petrou to Defendant Carrollton Bank and in support thereof states as follows:

1. Plaintiff served document requests on Defendant Carrollton Bank on or about March 1, 2007 ("Petrou Document Requests"). On or about April 2, 2007 Carrollton Bank timely responded by making documents available and by objecting to production of other documents, including objecting on the grounds that Carrollton Bank is prohibited from disclosure pursuant to Maryland law.

2. On or about April 19, 2007 Plaintiff served a subpoena on Carrollton Bank requesting "All documents.....that Carrollton Bank claimed in its April 2, 2007, Responses to that Request that Carrollton Bank is prohibited from disclosing pursuant to Maryland law." A copy of the subpoena is attached hereto as Exhibit A (the "Subpoena").

3. The Subpoena should be quashed as unreasonably cumulative and duplicative of the Petrou Document Requests in violation of F.R.Civ.Pro. 26(b)(2)(C). In

fact, as an indication of the documents he seeks, Plaintiff attaches a copy of the full Document Requests and Carrollton Bank's responses.

   4. Maryland Code, Financial Institutions Article, Section 1-302 prohibits Carrollton Bank, a state banking institution, from disclosing "to any person any financial record relating to a customer of the institution unless: (i) The customer has authorized the disclosure to that person;..." MD Code, Financial Institutions Art., § 1-302.

   5. There are five Bank customers involved in the requested records. One Bank customer is Defendant Eisner, Petrou & Associates, Inc. ("EPA"). As Plaintiff alleged in his Amended Complaint for Damages and Declaratory and Injunctive Relief filed herein on or about February 16, 2007 (hereinafter "Complaint"), EPA is out of business and no individual can be located who will speak for EPA or authorize the disclosure.

   6. A second Bank customer is Defendant Eisner Communications, Inc. ("EC"). As Plaintiff alleged in his Complaint, EC is out of business and no individual can be located who will speak for EC or authorize the disclosure.

   7. A third Bank customer is Defendant Steven Eisner ("Mr. Eisner"). Mr. Eisner has explicitly <u>not</u> authorized the disclosure of any personal information regarding Mr. Eisner. The EC records include information regarding Mr. Eisner.

   8. A fourth Bank customer is Defendant Sara Eisner ("Ms. Eisner"). Ms. Eisner has <u>not</u> authorized the disclosure of any personal information regarding Ms. Eisner. The EC records include information regarding Ms. Eisner.

   9. A fifth Bank customer is Harriett Eisner, who is not a party to this lawsuit. Ms. Harriett Eisner has <u>not</u> authorized the disclosure of any personal information

regarding Ms. Harriett Eisner. In fact, despite being informed of the identity of Harriett Eisner, the subpoena does not contain a certification as required by Maryland law that it was served on Harriett Eisner at all. Md. Code, Fin. Inst. Art., §1-304. The EC records include information regarding Ms. Harriett Eisner.

10. Plaintiff has made the subpoena for counsel's office on May 23, 2007 at 11:00 A.M. The documents requested are voluminous. It would be unduly burdensome for Carrollton Bank to produce voluminous documents at counsel's office in the District of Columbia when the documents are located in Baltimore. Carrollton Bank wishes to produce any documents which are required to be produced by this Court at its place of business as they are kept in the usual course of business.

11. Plaintiff's description of the documents subject to the subpoena is vague. To the extent that Plaintiff's description includes documents protected by attorney-client privilege or work product such documents are not subject to production and should not be produced in response to the subpoena without a showing of undue hardship and otherwise consisting of opinions, conclusions or legal theories of counsel for the Bank. F.R.Civ.Pro. 26(b)(3) and (5). Plaintiff has made no such showing. Carrollton Bank renews its objection.

12. Plaintiff's description of the documents subject to the subpoena is vague. To the extent that Plaintiff's description includes documents which are confidential business records, trade secrets, or other confidential or commercial information of the Bank, its customers, or other protected business records, the Bank seeks an order quashing the Subpoena, or in the alternative, a protective order as further defined below.

13.     Plaintiff has not yet examined the documents previously made available to Plaintiff yet is requesting additional documents without even attempting to look at available documents.  Plaintiff has not yet examined documents available from either Carrollton Bank or Defendant Steven Eisner and which are available in a more convenient, less burdensome and less expensive source.  The subpoena therefore violates F.R.Civ.Pro. 26(b)(2)(C) as unreasonably cumulative or duplicative.

14.     Carrollton Bank has attempted to resolve this matter with counsel for Plaintiff but has been unable to do so.

WHEREFORE, Defendant Carrollton Bank respectfully requests that the Subpoena be quashed, or, in the alternative, that the Subpoena be quashed as to documents protected by attorney/client privilege and work product and as to documents which refer or relate to personal financial information about Sara Eisner, Steven Eisner or Harriett Eisner, and for a protective order that any documents produced by Carrollton Bank exclusively in response to the Subpoena may be disclosed by plaintiff only to the parties, their counsel of record herein, including their necessary staff, any independent outside expert or consultant retained by any party provided they agree to these terms, any person the parties may later agree to in writing, and any judge, magistrate or personnel of the Court including court reporters and will be disclosed solely for the purpose of this litigation unless otherwise ordered by a Court of competent jurisdiction and, if any documents made available for review by Carrollton Bank exclusively per the Subpoena are appended to pleadings in this action by any party, such pleadings shall be filed with the Court under seal to prevent their public disclosure, and for such other and further

relief as this Court may deem just and proper.

                                          Respectfully submitted,

                                            /s/  Janet L. Eveland                          .
                                          Janet L. Eveland, Esquire
                                          DC Bar #370611
                                          Law Offices of Janet L. Eveland, Chartered
                                          10320 Little Patuxent Parkway, Suite 311
                                          Columbia, Maryland  21044
                                          Telephone:  301-621-4722
                                          Fax:  410-772-8988
                                          Attorney for Defendant, Carrollton Bank

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

DAVID M. PETROU

V.

CARROLLTON BANK, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   Civil Action No. 06-2159(GK)

TO: CARROLLTON BANK
344 NORTH CHARLES STREET
SUITE 300
BALTIMORE, MD.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A attached hereto

| PLACE | Law Offices of Paul G. Gaston, 1120 19th Street, NW, Suite 750, Washington DC 20036 | DATE AND TIME 5/23/2007 11:00 am |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney for Plaintiff* | DATE 4/20/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul G. Gaston, 1120 19th Street, NW, Suite 750, Washington DC 20036
202-296-5856

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of April, 2007, the foregoing Subpoena addressed to Carrollton Bank, and Exhibit A thereto, was served by first class mail, postage prepaid, on the following:

Eisner Communications
509 South Exeter Street
Baltimore, MD 21202

and

Andrew M. Dansicker, Esq.
Schulman, Treem, Kaminkow,
Gilden & Ravenell, P.A.
Suite 1800, The World Trade Center
401 East Pratt Street
Baltimore, MD 21202
(counsel for Steven and Sara Eisner)

_____

# EXHIBIT A

All documents, including financial records, of or relating to Eisner Communications, Steven Eisner, and Sara Eisner otherwise responsive to Plaintiff's First Request for Production of Documents that Carrollton Bank claimed in its April 2, 2007, Responses to that Request that Carrollton Bank is prohibited from disclosing pursuant to Maryland law. Copies of Plaintiff's First Request for Production of Documents and of Carrollton Bank's April 2 Responses referred to above are attached hereto for your reference.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. PETROU,                    :
                                    :
    Plaintiff/Counter-Defendant, :
                                    :
v.                                  :     1:06-CV-02159-GK
                                    :
CARROLLTON BANK, et al.             :
                                    :
    Defendants/Counter-Plaintiff/ :
    Cross-Plaintiff/Cross-        :
    Defendants                    :

ORDER GRANTING
MOTION OF DEFENDANT CARROLLTON BANK
TO QUASH SUBPOENA DUCES TECUM

The Motion of Defendant Carrollton Bank to Quash Subpoena Duces Tecum having come before this Court, [no] opposition thereto having been filed, [the parties having been heard], it is therefore,

ORDERED, that the Motion of Defendant Carrollton Bank to Quash Subpoena Duces Tecum be, and hereby is, GRANTED, and it is,

FURTHER ORDERED, that the Subpoena dated April 20, 2007 and served on Carrollton Bank, a copy of which is attached to the Motion to Quash as Exhibit A, be, and hereby is, QUASHED and of no further effect, and it is

FURTHER ORDERED, that a protective order be entered herein, and any documents produced by Carrollton Bank hereinafter in response to Plaintiff's discovery requests be disclosed to plaintiff as they are kept in the ordinary course of business at the business location, and only to the parties, their counsel of record herein, including their necessary staff, any independent outside expert or consultant retained by any party provided they agree to keep said documents confidential, any person the parties may later agree to in writing, and any judge,

magistrate or personnel of the Court including court reporters and will be disclosed solely for the purpose of this litigation unless otherwise ordered by a Court of competent jurisdiction and, it is,

    FURTHER ORDERED, that if any documents made available for review by Carrollton Bank to Plaintiff after the date of this Order are appended to pleadings in this action by any party, such documents be so identified and such pleadings shall be filed with the Court under seal to prevent their public disclosure.

_____, 2007    _____
                                                                              JUDGE